# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KENYATTA WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-261 |
| COLONIAL GROUP, INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Kenyatta Washington, by and through counsel, and for her Complaint against Defendant Colonial Group, Inc. (hereinafter "Defendant") states and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought to remedy retaliation and discrimination on the basis of gender, pregnancy, and disability in the terms, conditions and privileges of employment in violation of: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (b) 42 U.S.C. §2000gg-1 et. seq., the Pregnant Worker's Fairness Act ("PWFA"); and (c) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADAA").

## JURISDICTION AND VENUE

2. This Court possesses subject matter jurisdiction over Plaintiff's claims because they arise under the laws of the United States.

Page **1** of **12**

3. Plaintiff filed a charge of discrimination on the basis of gender/PWFA; disability discrimination; and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 30, 2024, and has exhausted all required administrative procedures. On August 28, 2024, the EEOC notified Plaintiff of her right to institute this action by issuance of a "Notice of Right to Sue" (attached as Exhibit "1").

4. Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia.

## THE PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States and a resident of Chatham County, Georgia.

6. Plaintiff was disabled as that term is defined under the ADAA.

7. Plaintiff submits herself to the jurisdiction of this Court.

8. Defendant is a domestic for-profit corporation licensed to do business in Georgia, and at all times material hereto has conducted business within this district and is subject to the jurisdiction of this court.

9. Defendant was the "employer" of plaintiff within the meaning of Title VII, 42 U.S.C. § 2000e(b); the PWFA; and the ADAA, 42 U.S.C. § 12111(5).

10. Defendant may be served with process by delivering a copy of the *Summons* and *Complaint* to its Registered Agent, Clayton D. Cheshire, 101 North Lathrop Avenue, Savannah, Georgia 31415.

**CLAIMS FOR RELIEF**
**COUNT I – GENDER DISCRIMINATION/PWFA**
**(FAILURE TO ACCOMMODATE)**

11. Plaintiff worked for Defendant since May 22, 2023 as an account representative and was well qualified to perform her position.

12. Defendant was not aware of Plaintiff's pregnancy when they hired her.

13. Defendant became aware of Plaintiff's pregnancy in June 2023 when Plaintiff informed Defendant that she was pregnant.

14. Plaintiff suffered from a known limitation which was related to, affected by, or arose out of pregnancy, childbirth, or related medical condition.

15. Plaintiff informed Defendant on or about June 2023 of her pregnancy-related medical condition and requested, as reasonable accommodation, leave for medically necessary appointments related to her pregnancy.

16. Plaintiff was a qualified employee under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), because she could perform the essential functions of the job with the accommodation of intermittent leave for medically necessary appointments related to her pregnancy and the accommodation of leave for a brief period related to childbirth.

17. In early December 2023, Plaintiff met with her supervisor and human resources and explained to them that she was becoming very sick due to her pregnancy and would require intermittent leave for this morning sickness.

18. By informing Defendant that she was experiencing medical issues related to her pregnancy and that she required leave on an emergent basis – Plaintiff made a request

for reasonable accommodation. (See *Interpretive Guidance* in section *1636.3(k)* under *Engaging in the Interactive Process*).

19. In retaliation for her accommodation request and as a result of her requests for the time off related to her pregnancy, she was given a verbal warning immediately thereafter regarding her attendance on December 20, 2023.

20. On or about January 12, 2024, Plaintiff notified Defendant of her need for leave and requested leave related to her upcoming childbirth.

21. Defendant informed Plaintiff that she needed to provide documentation from her treating physician substantiating her need for the leave for every absence.

22. On January 19, 2024, Plaintiff obtained a note from her treating physician for Defendant indicating that she had an estimated due date of February 15, 2024; that she was scheduled to be admitted into the hospital on February 8, 2024; and that she required a leave of absence beginning on February 1, 2024 with an estimated return to work date of March 23, 2024.

23. Plaintiff delivered the note immediately to Defendant.

24. Less than 2 weeks later, on January 23, 2024, Plaintiff was written up and issued a *Final Warning*.

25. In the *January 23, 2024 Final Warning*, Defendant noted that all time off needs to be requested by Plaintiff *a month in advance* as stated in the handbook.

26. Similarly situated male and non-pregnant comparators were not required to request time off a month in advance *or* to provide doctor's notes for *every* absence.

27. Plaintiff was treated differently than nonpregnant and male workers as this behavior was only directed towards Plaintiff and not other nonpregnant and male workers who had appointments.

28. Defendant viewed the fact that Plaintiff's leave may be unpredictable as being a violation of its policy, which violates the PWFA.

29. Plaintiff experienced pregnancy-related episodic conditions, including but not limited to morning sickness, that required her to request time off with less than a month's notice.

30. Despite Plaintiff's previous requests and explanations regarding her medical issues related to her pregnancy that required her to be seen by her physician in less time, she was disciplined in the *Final Warning*.

31. Plaintiff was denied time off during this same time period.

32. Defendant stated in the *Final Warning* that: "A medical note from your Doctor needs to be provided to document your appointments, with the time of your appointment noted accordingly, and any medical care instructions that would account for missed work." This stated requirement runs directly contrary to the PWFA, which states that employers should only seek supporting documentation when it is *reasonable* under the circumstances. It is per se unreasonable to require medical notes for *every* appointment. (*1636.3(l) Limits on Supporting Documentation*).

33. Plaintiff was written up for things that other male and non-pregnant coworkers were not written up for.

34. During the meeting with human resources and Plaintiff's supervisor to discuss the write up, Plaintiff complained orally that she felt that she was being treated differently based on her gender and pregnancy.

35. Plaintiff went out on leave with a return-to-work date of March 23, 2024.

36. Plaintiff was terminated on March 15, 2024, allegedly for performance.

37. Defendant failed to follow the requirements of the PWFA when it refused to grant Plaintiff's request to accommodate her pregnancy complications or to engage in the interactive process to discuss her taking a brief period of leave for childbirth.

38. Defendant's failure to discuss and consider the PWFA accommodation request violates the protections of the PWFA 42 U.S.C. §2000gg-1 et. seq.

39. The PWFA (42 U.S.C. 2000gg-1 (1)) is clear that it shall be unlawful for an employer to not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer. No such showing was made or considered.

40. The PWFA (42 U.S.C. 2000gg-1 (2) and (7)) is also clear that the employer should use the same interactive process used in the American with Disabilities Act to discuss reasonable accommodations. There was no interactive process here.

41. The PWFA (42 U.S.C. 2000gg-1 (5)) is clear that an employer may not take adverse action in terms, conditions, or privileges of employment against a qualified employee on account of the employee requesting or using a reasonable accommodation to

the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee.

42. Defendant issued Plaintiff a verbal warning on December 20, 2023 simply because she asked for accommodation in early December 2023.

43. Defendant has intentionally discriminated against Plaintiff by failing to accommodate her known limitation, which was related to, affected by, or arose out of her pregnancy-related medical condition, in violation of the PWFA, 42 U.S.C. § 2000gg-1(1), resulting in her termination.

44. Defendant's acts and conduct constitute willful and intentional discrimination. Defendant engaged in its discriminatory practices with malice or with reckless indifference to the protection of Plaintiff.

45. Defendant's actions were willful, wanton, and intentionally directed to harm the Plaintiff.

46. Defendant's actions were reckless and taken in willful disregard of the probable consequences of its actions.

## COUNT II - DISABILITY DISCRIMINATION
## IN VIOLATION OF ADA, AS AMENDED

47. At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

48. At all times relevant to this action, Plaintiff was able to perform all essential functions of his job with or without an accommodation.

49. Plaintiff requested accommodation(s) in the form of leave for her pregnancy related medical conditions and for leave related to childbirth, Defendant knew and suspected that she had a disability, a perceived disability, or a record of having a disability and required accommodation(s) for said disability.

50. Defendant failed to engage in the interactive process with Plaintiff and failed to accommodate Plaintiff. Instead of engaging in the interactive process with Plaintiff and providing accommodation(s), Defendant pretextually disciplined Plaintiff by providing her a verbal warning, a final warning, and then terminated her.

51. Defendant discriminatorily terminated Plaintiff's employment because of her disability or disabilities, perceived disability or disabilities, or record of having a disability or disabilities and said actions violate the ADA, as amended.

52. Plaintiff's disability and/or need for reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

53. Defendant treated workers outside Plaintiff's protected class better when it did not require non-disabled workers to provide doctor's notes for every appointment and did not require that other non-disabled workers provide a doctor's note 30 days in advance of an appointment.

54. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment violated the ADA, as amended.

## COUNT III – DISABILITY DISCRIMINTATION
## UNDER 42 U.S.C. §12203(b) FOR INTERFERENCE WITH ADA RIGHTS

55. Defendant has interfered with Plaintiff in exercising or because she exercised her right to request reasonable accommodations for her disability, including intermittent leave and leave of absence for childbirth.

56. Plaintiff had a good faith belief that she was disabled and entitled to accommodations and Plaintiff was entitled to rights under the ADA, as amended.

57. Defendant interfered with Plaintiff in the exercise of her right to reasonable accommodations, or on account of her having exercised her right to request accommodation. Plaintiff was denied leave on an intermittent basis. Plaintiff was denied leave for childbirth and was terminated while out on medical leave.

58. Defendant's actions violated 42 U.S.C. §12203(b) of the ADA which prohibits interference, coercion or intimidation of an individual for exercising rights under the ADA.

59. Defendant acted negligently or with reckless indifference to Plaintiff's rights by the conduct outlined above, despite the ADA's clear prohibition on interfering with, coercing, threatening or intimidating employees for exercising their right to reasonable accommodation or for protesting discrimination on the basis of disability.

60. As a direct and proximate result of Defendant's interference with her rights, Plaintiff has suffered out of pocket losses and has been deprived of her profession, livelihood and job-related economic benefits, including income in the form of wages and

other job-related benefits, including health insurance, disability insurance, and life insurance benefits.

61. Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible under the circumstances, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV – RETALIATION
## UNDER TITLE VII, THE PWFA, AND THE ADA

62. Plaintiff engaged in protected activity when she made an accommodation request under the PWFA and the ADAA in early December 2023 when she met with her supervisor and human resources and explained to them that she was becoming very sick due to her pregnancy and required intermittent leave.

63. In retaliation for her accommodation request and as a result of her requests for the time off related to her pregnancy, she was given a verbal warning immediately thereafter regarding her attendance on December 20, 2023.

64. Defendant's actions of giving Plaintiff a verbal warning several weeks later on December 20, 2023 was an adverse employment action in retaliation for Plaintiff engaging in the protected activity under both the PWFA and ADAA in early December 2023.

65. Plaintiff engaged in protected activity when she requested leave for childbirth on January 12, 2024 and provided a note on January 19, 2024 to Defendant requesting leave starting on February 1, 2024, with a return to work date of March 23, 2024.

66. Less than 2 weeks later, on January 23, 2024, Plaintiff was written up and issued a *Final Warning*.

67. In the *January 23, 2024 Final Warning*, Defendant noted that all time off needs to be requested by Plaintiff *a month in advance*.

68. Similarly situated comparators were not required to request time off a month in advance or provide doctor's notes for every absence.

69. Defendant's action of issuing the *Final Warning* to Plaintiff on January 23, 2024 is an adverse employment action in retaliation for Plaintiff requesting leave on January 12, 2024 and providing a note requesting leave on January 19, 2024 in violation of both the ADAA and the PWFA.

70. Plaintiff engaged in protected activity under Title VII and the PWFA when complained orally during the meeting with human resources and Plaintiff's supervisor to discuss the *Final Warning* when Plaintiff opposed the discrimination and retaliation and complained orally that she felt that she was being treated differently based on her gender and her pregnancy.

71. Plaintiff suffered an adverse employment action when she was terminated on March 15, 2024 in retaliation for making her oral complaint on January 23, 2024 and for being out on leave in violation of Title VII, the ADAA, and the PWFA.

72. The verbal counseling, the Final Warning, and the termination all constitute unlawful retaliation on basis of Plaintiff's protected activity as listed above in violation of Title VII, the PWFA, and the ADA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.  General damages for mental and emotional suffering;

B.  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval;

C.  Special damages for lost wages and benefits and prejudgment interest;

D.  Reasonable attorney's fees and expenses of litigation;

E.  Trial by jury as to all issues;

F.  Prejudgment interest at the rate allowed by law;

G.  Declaratory relief to the effect Defendant violated Plaintiff's rights;

H.  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

I.  All other relief to which he may be entitled.

Respectfully submitted the 20th day of November, 2024.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com